LÓPEZ, DEMANDANTE Y APELADO, *v.* HEREDEROS DE FERRER ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de inscripción y declaración de título.

No. 1620.—Resuelto en mayo 25, 1917.

OTORGAMIENTO DE ESCRITURA—TÍTULO INSCRIBIBLE—INSCRIPCIÓN EN COMÚN Y PROINDIVISO—SEGREGACIÓN DE FINCA—DOCUMENTO PÚBLICO.—Inscrita en el registro de la propiedad una finca en común y proindiviso a favor de determinados herederos, éstos en su totalidad y no algunos de ellos son los que pueden otorgar a favor de un comprador de una parte segregada de la finca adjudicada a los herederos vendedores, cuya venta no pudo ser inscrita por haberse otorgado en documento privado, un título inscribible en el registro, atendido el artículo 20 de la Ley Hipotecaria; pudiendo el comprador compeler a los herederos vendedores y a todos los demás al otorgamiento de la escritura de venta de la parte segregada, conforme a los artículos 1246 y 1247 del Código Civil, de la misma manera que los primeros hubieran podido obligar a los demás coherederos al otorgamiento a su favor de la escritura de adjudicación en pago de herencia.

ID.—INTERÉS CONTRARIO—PARTES NECESARIAS—INDEBIDA ACUMULACIÓN DE PARTES DEMANDADAS.—Los hechos expuestos en la demanda de este caso determinan el derecho por parte del demandante a obtener un título inscribible en el registro de la propiedad sobre la parcela de terreno que legítimamente adquirió y que como esa parcela forma parte de una finca mayor inscrita en

común y proindiviso a favor de todos los demandados, todos tienen en la demanda un interés contrario al demandante y son partes necesarias del juicio, sin que exista por tanto indebida acumulación de partes demandadas.

Id.—Errores Clericales—Excepción Frívola—Excepción de Ambigüedad.— Cuando se trata de un error clerical de la demanda, sin importancia alguna en el resultado del juicio, respecto a la fecha en que los demandados se hicieron declarar únicos y universales herederos del causante, es frívola la excepción de que aquélla es ambigua y dudosa, más cuando como en este caso, tal error se desvanece por otra alegación de la misma demanda y los demandados pueden rectificarlo por tratarse de un hecho de que ellos podían tener mejor conocimiento que el demandante.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Angel A. Vázquez.*

Abogados del apelado: *Sres. Benet & Souffront.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 15 de febrero de 1916 Pedro López Carlo presentó demanda a la Corte de Distrito de Mayagüez contra los herederos de los consortes José María Ferrer Pagán y María de los Angeles Pabón e Irizarry, con súplica de que se ordene al márshal de dicha corte a que en nombre de los demandados otorgue a favor del demandante escritura de una finca de 3 cuerdas con 23 céntimos, radicada en el barrio Llanos del término municipal de Cabo Rojo, a costa de dichos demandados, al efecto de que la misma pueda ser inscrita en el registro de la propiedad, condenando a los demandados al pago de costas, desembolsos y honorarios de abogado del pleito.

Los herederos de los consortes José María Ferrer y Pagán y María de los Angeles Pabón e Irizarry, declarados tales por la Corte de Distrito de Mayagüez en resolución de 24 de marzo de 1911 son sus siete hijos nombrados José Ubaldino, José María, José Antonio, Fernando del Carmen, Rosa María, Luis y María de los Angeles Ferrer y Pabón, sus cuatro nietos nombrados Indalecio, Julio Benjamín, Arsenio y Lisandro Carlo y Ferrer, y además Ramón María y Amparo Rivera y Ferrer, cuyas relaciones de parentesco con sus causantes no se expresan en la demanda.

A la demanda opusieron los demandados Luis, Fernando y José María Ferrer y Pabón la excepción previa de indebida acumulación de partes demandadas, y esos mismos demandados en unión de José Antonio Ferrer y Pabón opusieron además la excepción de que la demanda era ambigua y dudosa, cuyas excepciones después de discutidas fueron declaradas sin lugar por resolución de 18 de abril de 1916, concediéndose a los demandados el término de 10 días para registrar su contestación.

Los cuatro demandados anteriormente mencionados contestaron la demanda oponiéndose a ella; y celebrado el juicio, la corte dictó sentencia en 22 de enero de 1917 declarando con lugar la demanda en todas sus partes y ordenando al márshal que en nombre de los demandados citados y en virtud de la sentencia otorgue a favor del demandante Pedro López Carlo escritura de traspaso de propiedad y dominio de la finca de 3 cuerdas con 23 céntimos descrita en dicha sentencia, la que será segregada de la finca de 13 cuerdas denominada "El Barro," que también se describe en la propia sentencia, todo ello al efecto de que la mencionada finca de 3 cuerdas 23 céntimos pueda ser inscrita en el registro de la propiedad a nombre del demandante Pedro López Carlo, con costas, desembolsos y honorarios de abogado a cargo de los demandados opositores.

Contra esa sentencia interpusieron los demandados opositores Luis, Fernando, José María y José Antonio Ferrer y Pabón, recurso de apelación para ante esta Corte Suprema, y alegan como motivos del recurso que la corte cometió error al declarar sin lugar la excepción de indebida acumulación de partes demandadas y la de que la demanda era ambigua y dudosa, alegando además que ésta no aduce hechos suficientes para determinar una causa de acción.

Examinemos esas excepciones a la luz de las alegaciones de la demanda, considerando conjuntamente las excep-

ciones primera y tercera por la íntima relación que guardan entre sí.

La demanda muestra que muertos María de los Angeles Pabón y José María Ferrer, una finca rústica denominada "El Barro" con cabida de trece cuerdas, perteneciente a la sociedad de gananciales constituída por dichos consortes, fué inscrita en el registro de la propiedad en común y proindiviso a favor de los demandados después de haber obtenido éstos la declaratoria de herederos de dichos consortes por resolución de 24 de marzo de 1911; que tal inscripción en común y proindiviso a favor de todos los herederos, se hizo no obstante haberse practicado antes extrajudicialmente la partición de bienes de los consortes difuntos, en cuya partición se había adjudicado a los herederos José Antonio, José Ubaldino y José María Ferrer, una finca rústica de tres cuerdas con 23 céntimos, segregada de la de 13 cuerdas, de cuya finca tomaron posesión los adjudicatarios mediando para ello el consentimiento unánime y expreso de todos los interesados; que de esa parcela de tres cuerdas con 23 céntimos, ha venido a ser dueño el demandante por haber adquirido una cuerda con 40 céntimos de José Antonio Ferrer y Pabón y una cuerda con 83 céntimos de Angel Méndez, quien a su vez la había adquirido de los hermanos José Ubaldino y José María Ferrer, por documentos privados, sin que esos traspasos hayan sido inscritos en el registro; y que los demandados han estado conformes en otorgar a favor del demandante la escritura de propiedad de la finca de tres cuerdas con 23 céntimos.

Estando como está inscrita en el registro de la propiedad la finca de 13 cuerdas en común y proindiviso a favor de los demandados, éstos en su totalidad y no exclusivamente los herederos José Antonio, José Ubaldino y José María Ferrer, son los que pueden otorgar a favor del demandante un título de propiedad inscribible en el registro, de las tres cuerdas 23 céntimos que en virtud de partición de bienes de

José María Ferrer y María de los Angeles Pabón, fué segregada de la finca de 13 cuerdas y adjudicada a los tres herederos mencionados.  Actualmente el demandante, a virtud de contratos de compraventa, ha venido a adquirir los mismos derechos que por título de adjudicación habían adquirido los hermanos José Antonio, José Ubaldino y José María Ferrer y Pabón sobre las tres cuerdas adjudicadas a los mismos, y si éstos podían compeler a los demás coherederos al otorgamiento a su favor de la escritura de adjudicación en pago de herencia de las tres cuerdas 23 céntimos, el demandante, que hoy representa los derechos de los tres herederos mencionados, puede compeler a los mismos y a todos los demás al otorgamiento de la escritura de venta del terreno de que se trata, y de que hoy es legítimo dueño.

Es indudable que tanto la adjudicación de bienes de los consortes María de los Angeles Pabón y José María Ferrer, como los ventas hechas por José Antonio Ferrer al demandante Pedro López Carlo y por los hermanos José Ubaldino y José María Ferrer a Angel Méndez, y por éste al demandante, debieron hacerse por escritura pública, según el artículo 1247 del Código Civil, y que no habiéndose hecho así es de aplicación el artículo 1246 del mismo Código, el cual previene que si la ley exigiere el otorgamiento de escritura u otra forma especial para hacer efectivas las obligaciones propias de un contrato, los contratantes podrán compelerse recíprocamente a llenar aquella forma desde que hubiese intervenido el consentimiento y demás requisitos necesarios para su validez; pero ello no impide que en un caso como el presente, siendo el demandante causahabiente de los derechos de los hermanos José Antonio, José Ubaldino y José María Ferrer, con relación a la finca de tres cuerdas con 23 céntimos de que éstos son adjudicatarios, se dirija contra los mismos y contra los demás herederos a cuyo favor está inscrita la de 13 cuerdas de que fué segregada, para obtener de todos ellos una escritura inscribible en el registro de la

propiedad, escritura que hoy no pueden otorgarle esos tres
herederos solamente, sino que debe ser otorgada por todos
para que pueda ser inscrita en el registro de la propiedad,
atendido el precepto del artículo 20 de la Ley Hipotecaria.

Ningún perjuicio sufren con ello los demandados, los cua-
les según la demanda, han estado conformes en hacerlo, sin
que se nos haya demostrado lo contrario, pues ignoramos el
resultado de las pruebas practicadas en el juicio por no ha-
ber venido en la transcripción de autos escrito de exposición
del caso. Toda presunción sobre el resultado de la prueba
debe estar a favor de la sentencia.

Opinamos, pues, que los hechos expuestos en la demanda
determinan el derecho por parte del demandante a obtener
un título inscribible en el registro de la propiedad sobre
la parcela de terreno de tres cuerdas con 23 céntimos que le-
gítimamente ha adquirido, y como esa parcela de terreno
forma parte de una finca de 13 cuerdas inscrita en común
y proindiviso a favor de todos los demandados, es claro que
todos éstos tienen en la demanda un interés contrario al del
demandante y son partes necesarias del juicio sin que haya
habido por tanto indebida acumulación de partes demandadas.

La excepción de que la demanda es ambigua y dudosa
se hace consistir en que en la alegación quinta de la misma
expresa el demandante que a principios del año 1912 los de-
mandados se hicieron declarar únicos y universales herede-
ros de José María Ferrer y Pagán y María de los Angeles
Pabón e Irizarry mediante orden de la Corte de Distrito de
Mayagüez de 24 de marzo de 1911. No dudamos en calificar
de frívola tal excepción, pues se trata de un error clerical
sin importancia alguna en el resultado del juicio y desvane-
cido en la misma demanda por el demandante al afirmar éste
en la alegación tercera de aquélla que la declaratoria de he-
rederos se hizo por auto de 24 de marzo de 1911, aparte de
que los mismos demandados podían rectificar dicho error tra-

tándose como se trata de un hecho de que ellos podían tener mejor conocimiento que el demandante.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.